# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES L. WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-670-STE |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision for further administrative development.

## I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. (TR. 89, 853-857, 858-861, 862-864, 865-867). Following an administrative hearing held on October 24, 2017, Administrative Law Judge ("ALJ") James

Bentley issued an unfavorable decision on January 11, 2018. (TR. 89-98). The Appeals Council ("AC") denied Plaintiff's request for review on May 12, 2018. (TR. 6-11). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 10, 2016. (TR. 91). At step two, the ALJ determined that Mr. Wood had the severe, medically determinable impairments of methamphetamine and cannabis abuse, moderate osteoarthritis of the lumbar spine, and tremors. (TR. 91). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 92).

The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with occasional stooping, kneeling, crouching and crawling; occasional handling and fingering bilaterally.

(TR. 92). At step four, the ALJ relied on vocational expert ("VE") testimony to find that Plaintiff could not perform his past relevant work. (TR. 95-96, 552). At step five, the ALJ presented several limitations to the VE to determine whether there were other jobs in the national economy that Plaintiff could perform given his RFC. (TR. 96-97, 553). Given the

limitations in the RFC, the VE identified three light, unskilled jobs from the Dictionary of Occupational Titles ("DOT") that Plaintiff could perform, those of rental clerk, counter clerk, and conveyor line bakery worker. (TR. 96-97, 553). Therefore, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. (TR. 97).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges that (1) the Appeals Council erroneously refused to consider new and material evidence, (2) the ALJ erroneously "ignored and rejected" a statement from Physician's Assistant Kyle Gray concerning Plaintiff's use of a cane to ambulate, (3) the ALJ failed to develop the record with respect to Plaintiff's mental and neuropsychological impairments, and (4) the ALJ erred by "completely ignoring" a statement from Nurse Practitioner James McGlasson. (ECF No. 16:11-28).

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh


the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.     REVIEW OF ADDITIONAL EVIDENCE BY APPEALS COUNCIL

Plaintiff alleges that the ALJ erroneously refused to review a large amount of new, probative evidence which related to the period on or before the date of the hearing decision and would, if correctly considered, have changed the outcome of the hearing decision. (ECF No. 16:11-17); *see* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Plaintiff contends that the Appeals Council erred when it found that evidence submitted to the AC after the ALJ's hearing did not provide a basis for changing the ALJ's decision. (ECF No. 16:12).

In evaluating the post-hearing evidence submitted by Plaintiff, the Appeals Council found that three pages of the newly submitted evidence were duplicative of evidence already in the record reviewed by the ALJ. (TR. 7). The Appeals Council found that 346 pages of the post-hearing evidence submitted by Plaintiff were dated after the ALJ's hearing decision of January 11, 2018, and therefore did not relate to the period at issue. (TR. 7).

The AC also reviewed 395 pages of new evidence from the period at issue. (TR. 7). However, the AC "did not consider and exhibit this evidence", finding that it did not show "a reasonable probability that it would change the outcome" of the ALJ's decision. *Id.* Social Security regulations provides that the Appeals Council will consider additional evidence that is "new, material, and relates to the period on or before the date of the

4

hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."[1] *See* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The question of whether additional evidence is new, material and chronologically pertinent is a question of law subject to *de novo* review by the Court, and the Tenth Circuit has held that "the general rule of *de novo* review permits us to resolve the matter and remand if the Appeals Council erroneously rejected the evidence. *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011),

Because the AC by its own account failed to consider the new, material, and chronologically pertinent evidence submitted by Plaintiff, there was no way for the AC to reach the conclusion that the evidence in question would not have changed the outcome of the hearing decision. Unlike the ALJ, Social Security regulations do not require the Appeals Council to provide a detailed explanation of how they evaluated the evidence. *See e.g., Clifton v. Chater*, 79 F. 3d 1007, 1009-1010 (10th Cir. 1996) (The record must demonstrate that the ALJ considered all the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.). However, when evidence is

---

[1] Social Security regulations also provides that the AC will only consider additional evidence if an individual shows "good cause" for "not informing [the Appeals Council] about or submitting the evidence." See 20 C.F.R. §§ 404.970(b)(1-3), 416.1470(b)(1-3). The AC stated that it was not considering the additional evidence because it did not show a reasonable probability of changing the outcome of the hearing decision, not because Plaintiff failed to show good cause for submitting the evidence after the ALJ issued his hearing decision.

new, material, from the period at issue, and none of the exceptions in 20 C.F.R. §§ 404.970(b)(1-3), 416.1470(b)(1-3) apply, SSA regulations and Tenth Circuit case law are clear that this evidence will be considered by the AC. *See e.g., Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (finding that under 20 C.F.R. §§ 404.970(b) and 416.1470(b) the Appeals Council must consider new evidence submitted with a request for review if it is new, material, and related to period on or before the date of the ALJ's decision).

Plaintiff contends that the new evidence submitted to the AC, if considered, would have affected the outcome of the decision. Plaintiff argues, persuasively, that the new evidence indicates that Plaintiff's physical and mental impairments were far more serious than the evidence available to the ALJ would indicate. (ECF No. 16:11-15). Plaintiff's argument is bolstered by evidence from the period after the ALJ's decision, which indicates that Plaintiff's physical and mental state deteriorated significantly. (TR. 21-28, 44-55, 60-68, 166, 359-360, 374). On remand the agency should evaluate and exhibit the new, material evidence from the period at issue and assess what impact this evidence would have on the outcome of the case.

## VI. ALJ's EVALUATION OF NEED FOR AN ASSISTIVE DEVICE

Plaintiff argues that the ALJ erroneously "ignored and rejected" the "findings and/or opinion" of Physician's Assistant Kyle Gray concerning Plaintiff's need to use a cane to ambulate. (ECF No. 16:23). Plaintiff cites a notation in the treatment record from

6

February 17, 2017 in which Mr. Gray, after examining Plaintiff, observed that Plaintiff "had a weak gait requiring a cane." (TR. 1152).[2]

Social Security Ruling ("SSR") 06-03p provides that opinions from non-acceptable medical sources such as physician assistants, nurse practitioners, and licensed clinical social workers "should be evaluated on key issues such as impairment severity and functional effects." The ALJ did not discuss Mr. Gray's February 2017 observation concerning Plaintiff's use of a cane. The ALJ's only reference to Plaintiff's use of an assistive device is the statement that while Plaintiff ambulates with a cane, "a doctor did not prescribe it." (TR. 93).

The ALJ's statement that Plaintiff's cane was not prescribed is not dispositive. The relevant inquiry concerning a claimant's use of an assistive device is whether the device was medically necessary, not whether it was prescribed by a physician. Tenth Circuit case law clearly establishes that a prescription is not required for a hand-held assistive device to be medically necessary, only "medical documentation establishing the need for the device." *Staples v. Astrue*, 329 Fed.Appx. 189, 191 n. 1 (10th Cir. 2009). SSR 96-9p provides that assistive devices such as canes and walkers will be found medically necessary when there is "medical documentation establishing the need for a hand-held

---

[2] Plaintiff also cites an examination of Plaintiff performed by Mr. Gray on November 29, 2017, in which Mr. Gray observed that Plaintiff was "using a wheelchair to walk with diffuse muscle weakness and use of a cane, and obvious essential tremor from a seated position." (TR. 495-496). Mr. Gray also noted that Plaintiff had "obvious muscle wasting" in his lower extremities, and further noted that he had given Plaintiff a three-pronged cane to help Plaintiff ambulate. *Id.* The treatment notes containing this examination were submitted to the Appeals Council but were not available to the ALJ at the time he rendered his decision.

7

assistive device to aid in walking or standing and describing the circumstances for which it is needed." *See also Staples v. Astrue*, 329 Fed. Appx. 189, 191 n. 1 (10th Cir. 2009) (for a hand-held assistive device to be medically necessary, the record must contain medical documentation establishing the need for the device).

There is some question as to whether Mr. Gray's February 2017 statement constitutes an opinion regarding the medical necessity of an assistive device, or whether it was merely an observation that Plaintiff appeared to be using a cane as an ambulatory aide. Mr. Gray's statement concerning Plaintiff's weak gait and his statements from November 2017 would appear to support the medical necessity of a cane.

If Plaintiff required an assistive device to ambulate, this could significantly impact his residual functional capacity. *See* SSR 96-9p ("An individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand … On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded."); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00J.4 ("the requirement to use a hand-held assistive device may also impact on the individual's functional capacity by virtue of the fact that one or both upper extremities are not available for such activities as lifting, carrying, pushing, and pulling."). On remand, the ALJ should consider whether Mr. Gray's statement constitutes an opinion concerning the medical necessity of an assistive device,

and if so, assign weight to this opinion and assess what impact it would have on Plaintiff's RFC.

## VII. OTHER ARGUMENTS

The Court agrees that the AC's failure to evaluate new and material evidence, and the ALJ's insufficient evaluation of Mr. Gray's findings merit remand, and therefore does not address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision for further administrative development.

ENTERED on February 6, 2019.

*[signature]*

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE